**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **TROY NASH ET AL** | **CASE NO. 6:25-CV-01132** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **STATE OF LOUISIANA ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING AND ORDER**

Before this Court is the MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) filed by Defendants, State of Louisiana, Louisiana Wildlife & Fisheries Commission, Secretary Tyler Bosworth, Agent Jude Duhon, and Agent Adam Tieben. [Doc. 8]. Plaintiff, Troy Nash, opposed the motion [Doc. 20], and Defendants replied [Doc. 21]. Considering the evidence, the law, and the arguments, and for the reasons explained below, the instant motion is DENIED WITHOUT PREJUDICE, and Nash is ORDERED to file either (a) a proper motion for leave to amend his Complaint, or (b) a notice to the Court that he does not intend to amend his Complaint at this time.

In his opposition, Nash requested leave to amend his Complaint should "the Court determine that any or all of the Plaintiff's claims should be dismissed … [in order to cure] any perceived pleadings deficiencies." [Doc. 20 at p. 35]. It is within the court's discretion to deny a motion to amend upon a finding that amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The Fifth Circuit has defined futility in this context "to mean that the amended complaint would fail to state a claim upon which relief could be granted." *Id.* In other words, leave to amend is properly denied as futile if the proposed amended pleading would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Generally, this Court requires a party

seeking leave to amend to attach its proposed amended pleading to its motion. Local Rule 7.6. This rule acts to preserve judicial economy by allowing the court to determine whether amendment would be futile before leave to amend is granted. Although a motion for leave to amend presented in this manner necessarily circumvents the safeguards put in place by this Court's requirement that the proposed pleading be attached, the undersigned finds that the very interests sought to be protected would be more severely undermined by ruling on the merits of the instant motion and, depending on the motion's disposition,[1] potentially granting leave to amend thereafter.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have liberally construed Rule 15(a)(2) in favor of amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). "Generally, when a plaintiff seeks to amend following a motion to dismiss, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'" *McCoy v. Bogan*, 2021 WL 3730057, at *3 (M.D. La. 2021) (quoting *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)). *See also Louisiana v. Bank of America Corp.*, 2020 WL 3966875, at *2 (M.D. La. 2020); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). This approach to such procedural quandaries "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020). Simply put, "a busy district court need

[1] By recommending that Plaintiff be given this opportunity to amend, the Court is in no way indicating, and takes no position at this time, as to whether his complaint or any amended complaint would survive a challenge under Rule 12.

not allow itself to be imposed upon by the presentation of theories seriatim." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (1967)).

A request to amend, even if made conditional, coupled with Nash's concession of several claims in his reply memorandum [Doc. 20 at pp. 16, 24, 26, 34], suggests that Nash has not stated his best case. Dismissal with prejudice is appropriate when a plaintiff has had an opportunity to state his best case and still cannot establish a cause of action. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). This Court finds that the interest of judicial economy is best served by allowing such amendment so that Nash may state his best case *before* rendering a decision on its legal sufficiency.

In keeping with the prevailing procedure in this Court, Defendants' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) [Doc. 8] is DENIED WITHOUT PREJUDICE. *See, e.g., Beroid v. LaFleur*, 2022 WL 396165 (W.D. La. 2022), *adopted by* 2022 WL 393630 (W.D. La. 2022); *Deshotel v. PayPal, Inc.*, 2019 WL 4010922 (W.D. La. 2019); *Probado Techns. Corp. v. Smartnet, Inc.*, 2010 WL 918573 (S.D. Tex. 2010). Additionally, it is hereby

**ORDERED** that Plaintiff Troy Nash shall, on or before **October 16, 2026**, file either (a) a proper motion for leave to amend his Complaint, or (b) a notice to the Court that he does not intend to amend his Complaint at this time.

**ORDERED** that Defendants may renew their motions, if appropriate, after the filing of any amended complaint. Defendants may adopt the arguments contained in the first motions by reference and may supplement such arguments, if appropriate. Should Defendants file such renewed motions to dismiss, Plaintiff shall file any desired opposition

within **FOURTEEN (14) DAYS** of such filing. Defendants may file any desired reply within **TEN (10) DAYS** of the filing of any opposition by Plaintiff.

SO ORDERED this 16th day of September, 2026.

David J. Ayo
United States Magistrate Judge